UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JONATHAN PARADES GUTIERREZ,

      Petitioner,

v.

UNKNOWN PARTY #1 et al.,

      Respondents.

_____/

Case No. 1:26-cv-2127

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis.* (*See* ECF No. 2.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.8.) In an order entered on July 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on July 29, 2026, (ECF No. 5.)

## II.    Factual Background

Petitioner is not a United States citizen. On July 24, 2026, an Immigration Judge with the Detroit Immigration Court ordered Petitioner removed to Nicaragua. (Removal Order, ECF No. 5-1, PageID.21.) Both parties waived the right to appeal that order. (*Id.*)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## I.   Discussion

On July 24, 2026, an Immigration Judge ordered Petitioner removed to Nicaragua. Because Petitioner waived his right to appeal, Petitioner's order of removal became final at that time. *See* 8 U.S.C. § 1101(a)(47)(B) (explaining that, for the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). In other words, "[w]hile removal proceedings are in progress, most aliens may be released on bond or paroled.

2

After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (internal citations omitted).

Petitioner is presently within the 90-day removal period and is subject to mandatory detention under § 1231(a)(2)(A). Therefore, based on the information presently before the Court, the Court will dismiss Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:   August 6, 2026                          /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge